# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

BRYAN L. THOMAS,

Petitioner, : Case No. 2:26-cv-881

- vs - District Judge Edmund A. Sargus, Jr.
Magistrate Judge Michael R. Merz

STATE OF OHIO, et al.,

:

Respondents.

---

## REPORT AND RECOMMENDATIONS

---

This habeas corpus case under 28 U.S.C. § 2254 was brought *pro se* by Petitioner Bryan Thomas to obtain relief from his confinement in the Appalachian Behavioral Health institution on order of the Common Pleas Court of Muskingum County, Ohio (Petition, ECF No. 3). On the Court's Order, Respondent, represented by the Attorney General of Ohio, has filed the State Court Record (ECF No. 6) and a Return of Writ (ECF No. 7).

In the Order for Answer, the Court set a deadline for Petitioner's traverse/reply of twenty-one days after filing of the Return (Order, ECF No. 4). When the Return was filed, the Court reminded Petitioner of that deadline, which was October 16, 2026 (Notice, ECF No. 8). That deadline has passed and Petitioner has filed no traverse/reply, making the case ripe for decision on the papers already filed.

**Litigation History**

On June 17, 2020, the Muskingum County Grand Jury indicted Petitioner on one count attempted aggravated burglary in violation of Ohio Revised Code § §2923.02(A), one count resisting arrest in violation of Ohio Revised Code § §2921.33(C)(2), and one count assault on a corrections officer in violation of Ohio Revised Code § §290313(A)(Indictment, State Court Record, ECF No. 6, Ex. 1).

On August 12, 2020, Thomas, through counsel, filed a suggestion of incompetence to stand trial and a request for mental evaluation (Suggestion, State Court Record, ECF No. 6, Ex. 3) which the trial court ordered. Following a hearing, the trial court found Thomas incompetent and referred him to Appalachian Behavioral Healthcare Organization, Athens Campus, for treatment and possible restoration to competency. *Id.* at Ex. 5.

On April 1, 2022, the trial court found that Thomas was incompetent to stand trial and that there was not a likelihood that he could be restored to competency as the time for restoration had already expired. (Entry, State Court Record, ECF No. 6, Ex. 14). Pursuant to Ohio law, the court ordered Thomas to be placed at Appalachian Behavioral Health for treatment, with a maximum term of eighteen (18) years. *Id*. Petitioner remains committed under this Order.

On July 14, 2026, he filed his Petition in this Court by placing it in the mailing system at his place of confinement. He pleads the following grounds for relief:

> **Ground One**: I haven't been before a Judge where I testifyed
>
> **Supporting facts**: The hospital doctors have been claimming that I'm not compentent

> **Ground Three**: [left blank]
>
> **Supporting facts:** When I appeared in court March or April of 2026 for comment and compentense the plaintiff came to the Prosocutor Bench and clamed That I had called her a trader[sic] And that I had threaten her!
>
> **Ground Four**: When I appeared in Court in August or September 2025 the plaintif [unknown]
>
> **Supporting facts:** In 2025 when I appeared in court the plaintiff, stood in the courtroom from the adquntance seat. She said that Her husband had die and that she didn't feel safe with me getting any privlates outside of the hospital (5 yers after the orginnal offense!

Petition, ECF No. 3.

Respondent asks this Court to abstain because there is no final judgment of the state trial court. Although Petitioner has the right to appeal his continued confinement to the relevant Ohio District Court of Appeals, he has not done so, although he has appointed counsel who could do so.

*Younger v. Harris*, 401 U.S. 37 (1971), requires federal courts to abstain where (1) state proceedings are pending; (2) the state proceedings involve an important state interest; and (3) the state proceedings will afford the plaintiff an adequate opportunity to raise his constitutional claims. *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n.,* 457 U.S. 423, 432 (1982); *Kelm v. Hyatt*, 44 F.3d 415, 419 (6th Cir. 1995); *Nilsson v. Ruppert, Bronson & Chicarelli Co.,* 888 F.2d 452, 454 (6th Cir. 1989). *Ohio Civil Rights Com. v. Dayton Christian Schools, Inc.*, 477 U.S. 619 (1986).

Under *Younger*, this Court is bound to abstain from further interference with Petitioner's custody pending a judgment and exhaustion of his state court remedies.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed without prejudice[1] under the abstention doctrine. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

November 12, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.

[1] Dismissal without prejudice will protect Petitioner's right to re-file at the appropriate time without satisfying the second or successive test.